## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERICK GACHUHI WANJIKU,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-23-765-R** |
| | ) | |
| **IMMIGRATION AND CUSTOMS** | ) | |
| **ENFORCEMENT,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### ORDER

Before the Court is Magistrate Judge Suzanne Mitchell's Report and Recommendation regarding Petitioner Wanjiku's Petition for Writ of Habeas Corpus [Doc. 14]. Petitioner filed a timely Objection [Doc. 15], and the Court must therefore undertake a *de novo* review of those portions of the Report to which a specific objection was made.

Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus [Doc. 1] under 28 U.S.C. § 2241 challenging the validity of an Immigration and Customs Enforcement detainer.[1] He claims the detainer is invalid and is the underlying cause of his custody. Petitioner is currently in custody of the Federal Bureau of Prisons serving a thirty-six-month sentence for assault on a federal officer. *See United States v. Wanjiku*, No. 23-227-R, Docs. 50, 97. During the pendency of this suit, Petitioner also filed a Petition for Writ of Mandamus [Doc. 11].

---

[1] Because Mr. Plater is a *pro se* litigant, the Court affords his materials a liberal construction, but it does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

Judge Mitchell recommends dismissal of the Petition because Mr. Wanjiku "has not shown he is 'in custody' pursuant to the detainer for purposes of § 2241." Doc. 14 at 7. The Court agrees. "The fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement [of 28 U.S.C. § 2241(c)]." *Herrera v. Milyard*, 09-CV-808, 2009 WL 1806700 at *1 (D. Colo. June 24, 2009) (citing *Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994)). Here, Petitioner is in the custody of the Federal Bureau of Prisons, not the custody of ICE.

In his Objection, Petitioner concedes that § 2241 is an improper vehicle to challenge his ICE detainer. Doc. 15 ("Petitioner erroneously filed a challenge . . . pursuant to 28 U.S.C. § 2241"). In fact, Petitioner had already identified his misstep in a prior filing with the Court on December 15, 2023. Doc. 13 ("Petitioner has identified mandamus petition as the proper vehicle for his request[.]") Despite this, Petitioner did not voluntarily dismiss the habeas action he knew to be defective. He thereby wasted judicial resources by necessitating the Report and Recommendation and this Order on his habeas petition.

The Report and Recommendation is hereby ADOPTED in full. Accordingly, Mr. Wanjiku's Petition for Writ of Habeas Corpus is DISMISSED, and his Petition for Writ of Mandamus is DENIED as moot.[2] Petitioner may file a new Petition for Writ of Mandamus in a separate action wherein the issue may be fully briefed.

The standard for a Certificate of Appealability is not met and is therefore denied.

---

[2] Given the overlapping subject matter and lack of clarity in Petitioner Wanjiku's Petition for writ of mandamus, it was filed in this case and liberally construed as a timely responsive pleading.

**IT IS SO ORDERED** this 15th day of February 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE